985 F.2d 575
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee
v.
Bertin GARCIA-AZPEITIA., Defendant-Appellant
 No. 91-50819.
 United States Court of Appeals, Ninth Circuit.
 Argued Jan. 6, 1993.
Decided Jan. 27, 1993.
 
 Appeal from the United States District Court for the Southern District of California, No. CR 90-0106-E; William B. Enright, District Judge, Presiding.
 S.D.Cal. [Appeal after Remand from 940 F.2d 1536]
 VACATED AND REMANDED.
 
 
 1
 Before CANBY and ALAN E. NORRIS, Circuit Judges, and TANNER,* Senior District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Garcia-Azpeitia appeals the imposition, under the Guidelines, of a thirty month sentence. We vacate and remand for resentencing.
 
 
 4
 This is Garcia-Azpeitia's second appeal for his conviction in April of 1990 for transporting illegal aliens. This case was first reversed based upon United States v. Lira-Barraza, 941 F.2d 745 (9th Cir.1991) (en banc). He was initially sentenced to thirty months custody on June 4, 1990 and after reversal was again sentenced on December 16, 1991 to the same thirty month sentence. He now appeals that resentencing.
 
 
 5
 Garcia-Azpeitia challenges the accuracy of the Presentence Report (PSR). His contention is governed by Fed.R.Crim.P. 32(c)(3)(D):
 
 
 6
 [T]he court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing.
 
 
 7
 The rule also provides that a written record of the findings or determinations be appended to the presentence report. Fed.R.Crim.P. 32(c)(3)(D). Strict compliance with the rule is required and failure to comply will result in remand. United States v. Clay, 925 F.2d 299, 305 (9th Cir.1991).
 
 
 8
 The defendant clearly challenged the accuracy of the PSR as to the speeds traveled during the chase, whether the headlights on the defendant's car were on or off and whether or not there was a payment made by the aliens to Garcia-Azpeitia. The district court stated that "I feel there is no need for an evidentiary hearing.... Whether the defendant went at a hundred and five miles an hour or eighty miles an hour. I think, is almost immaterial." [ECR 38] (emphasis added). The district court wholly failed to address the other contentions by the defendant. Because the district court failed to comply with Fed.R.Crim.P. 32(c)(3)(D) we vacate and remand for resentencing.
 
 
 9
 Because Garcia-Azpeitia also challenged the sentence itself which contained an upward departure and because that situation may arise again at resentencing, we will address it here.
 
 
 10
 We review de novo whether or not the district court had the legal authority to depart from the guidelines. United States v. Lira Barraza, 941 F.2d 745, 746 (9th Cir.1991). We have recently held that it is error to multiply the § 3C1.2 adjustments based upon the number of persons endangered. United States v. Hernandez-Rodriguez, No. 91-50572, slip. op. 11175, 11184 (9th Cir. Sept. 15, 1992). Here, the district court based the extent of the departure upon a number of different groups that were endangered. This was error.
 
 
 11
 VACATED and REMANDED for RESENTENCING.
 
 
 
 *
 The Honorable Jack E. Tanner, Senior United States District Judge for the Western District of Washington, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3